IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL BERRYMAN,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:16CV47
                                    (Judge Keeley)

**OFFICER CHRISTOPHER MULLEN;
LT. JERALD RIFFLE; OFFICER BRAD
BROWN; and OFFICER JOHN BRADY,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANTS' MOTION TO DISMISS [DKT. NO. 69]**

      The plaintiff, Michael Berryman ("Berryman"), has pursued two lawsuits in this Court, one pursuant to the Federal Tort Claims Act ("FTCA") and another pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Both arise out of the same facts and circumstances. The Court has previously dismissed Berryman's FTCA case. Pending is the motion to dismiss this <u>Bivens</u> action filed by the remaining defendants, Officer Christopher Mullen, Lt. Jerald Riffle, Officer Brad Brown, and Officer John Brady.

      The question presented is whether Berryman's <u>Bivens</u> action is precluded by the operation of 28 U.S.C. § 2676, frequently known as the FTCA judgment bar. Because Berryman's FTCA case was dismissed on jurisdictional grounds, the Court concludes that his <u>Bivens</u> claims are not barred. Accordingly, for the following reasons, the Court **DENIES** the defendants' motion (Dkt. No. 69).

**BERRYMAN V. MULLEN, ET AL.**                                              **1:16CV47**

**MEMORANDUM OPINION AND ORDER DENYING THE
DEFENDANTS' MOTION TO DISMISS [DKT. NO. 69]**

## I. BACKGROUND

**A.   Factual Background**

The Court takes the facts from Berryman's <u>Bivens</u> complaint and construes them in the light most favorable to him. <u>De'Lonta v. Johnson</u>, 708 F.3d 520, 524 (4th Cir. 2013).[1] In early May 2014, Berryman was placed in the Special Housing Unit ("SHU") at United States Penitentiary, Hazelton ("USP Hazelton"), with "inmate Von Axelson" ("Von Axelson") (Dkt. No. 1 at 11). On May 6 and 7, 2014, Von Axelson threatened Berryman with rape, serious injury, and death if Berryman could not be relocated to another cell. <u>Id.</u> at 11-12. Von Axelson's threats reached their height on the evening of May 7th, when he received word that his father had passed away. <u>Id.</u> at 12. Despite Berryman's repeated pleas to Officer Brown, Officer Brady, Officer Mullen, and other unknown officers, he was not moved to a different cell. <u>Id.</u> at 12-14.

During the early morning hours of May 8, 2014, Berryman was awakened when Von Axelson began stomping on him. Although able to activate an emergency call button, Berryman was quickly knocked unconscious by his assailant. He regained consciousness sometime

---

[1] Notably, Berryman alleged exactly the same facts in support of his FTCA claims (Civil No. 1:16cv63, Dkt. No. 1 at 11).

during the assault, but as he attempted to protect himself, he was quickly knocked unconscious again. Id. at 14.

After Berryman regained consciousness the second time, Officer Mullen, who by then had arrived on the scene, helped him to his feet and took him to an observation cell where Berryman was left with paper clothing and bedding.[2] Berryman was awakened later that morning by Physician's Assistant Christopher Meyer, who noted his superficial injuries but left without conducting a full examination Id. at 14-15. As a result of the incident, Berryman claims to have sustained the following injuries:

> I have 4 protruding disk [sic] in lower lumbar, severe stenosis in L lumbar, thecal sac encroachments in lower lumbar, sliped [sic] disk in L lumbar, stenosis in cervical spine C3-C7, disk herniation present moderately encroaching upon the thecal sac at the C03/04 level[,] thecal sac encroachment and Y hard disks/osteophyt[e] complex thecal sac encroaching C6/seven, evidence of remote rib fractures and rib deformity lower left ribs.

Id. at 17.

**B.  Procedural Background**

On March 23, 2016, Berryman filed this Bivens action, alleging that the defendants failed to protect him from a dangerous cellmate, violated his due process rights by placing him in

---

[2] Berryman alleges that he was placed in paper clothing the previous day due to Von Axelson's belligerent behavior after learning of his father's death (Dkt. No. 1 at 12-13).

punitive segregation, and failed to provide appropriate medical treatment (Dkt. No. 1). Shortly thereafter, on April 14, 2016, Berryman filed a complaint against the United States of America pursuant to the FTCA (Civil No. 1:16cv63, Dkt. No. 1).[3] His FTCA case arose out of the same facts and similarly alleged that various Bureau of Prisons ("BOP") staff violated his right to procedural due process regarding an institutional violation, deprived him of his "basic human needs" in violation of the Eighth Amendment, and committed medical malpractice. Id. at 10, 16.

On December 19, 2016, the United States filed a motion to dismiss, or in the alternative, for summary judgment in Berryman's FTCA case (Civil. No. 1:16cv63, Dkt. No. 41). On February 22, 2017, the defendants in this Bivens case also filed a motion to dismiss, or in the alternative, for summary judgment (Dkt. No. 51).

On August 14, 2017, the Court granted the United States' motion in Berryman's FTCA case, and dismissed the action in its entirety. As relevant to the pending motion to dismiss, the Court reasoned that Berryman's constitutional tort claims were not cognizable under the FTCA pursuant to FDIC v. Meyer, 510 U.S. 471

---

[3] Plaintiffs may pursue simultaneous claims pursuant to Bivens and the FTCA. Brodnik v. Lanham, No. 1:11-0178, 2016 WL 4087361, at *3 (S.D.W.Va. Aug. 1, 2016).

(1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims."). The Court further concluded that Berryman's medical malpractice claim failed to comply with West Virginia's statutory requirements for suing health care providers (Civ. No. 1:16cv63, Dkt. No. 66 at 3-6).

On August 17, 2017, the Court granted in part and denied in part the defendants' motion to dismiss or, in the alternative, for summary judgment in this Bivens action (Dkt. No. 71). As a result, the only claim that remains outstanding is Berryman's allegation that Officer Mullen, Lt. Riffle, Officer Brown, and Officer Brady violated his Eighth Amendment rights by exhibiting deliberate indifference to a known risk of harm. Id. at 5-6, 18.

Pending is the defendants' motion to dismiss this remaining claim, in which they argue that the dismissal of Berryman's FTCA case against the United States operates to preclude the allegations against them in their individual capacity (Dkt. No. 69). Pursuant to Davis v. Zahradrich, 600 F.2d 458 (4th Cir. 1979), and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court notified Berryman of his right to respond and directed him to do so within 21 days (Dkt. No. 71 at 19-21). After receiving an extension, Berryman filed his response in opposition on October 18, 2017 (Dkt. No. 76), and the defendants replied (Dkt. No. 77).

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) allows a defendant to move for dismissal on the grounds that a complaint does not "state a claim upon which relief can be granted." When reviewing the sufficiency of a complaint, a district court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). "While a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In order to be sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 n.7 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not

6

resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

### III. APPLICABLE LAW

The function and structure of the FTCA bear brief discussion before the Court turns to the merits of the defendants' motion to dismiss. Due to its sovereign immunity, "[n]o action lies against the United States unless the legislature has authorized it." Wood v. United States, 845 F.3d 123, 127 (4th Cir. 2017) (quoting Dalehite v. United States, 346 U.S. 15, 30 (1953)). Under the FTCA, Congress authorized such claims "against the United States based on the negligence or wrongful acts or omissions of its employees committed within the scope of employment." Id. (citing 28 U.S.C. §§ 1346(b)(1), 2671-2680).

Congress limited the scope of this waiver, however, "to a certain category of claims." Kerns v. United States, 585 F.3d 187, 194 (4th Cir. 2009) (quoting Meyer, 510 U.S. at 475). Pursuant to 28 U.S.C. § 1346(b), claims under the FTCA must be made

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the

7

>claimant in accordance with the law of the place where
>the act or omission occurred.

Id. (quoting Meyer, 510 U.S. at 475) (alteration in original) (reasoning that whether the defendant was acting in the scope of his employment is a jurisdictional issue). District courts only have jurisdiction to hear those cases that fall within the definition of § 1346. Meyer, 510 U.S. at 477. For instance, because the FTCA directs the application of state law - "the law of the place where the act or omission occurred" - constitutional torts are not cognizable under the statute. Id.

The jurisdictional scope of the FTCA is further limited by various exceptions found at 28 U.S.C. § 2680. For example, the FTCA does not apply to claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the party of a federal agency or an employee of the Government." 28 U.S.C. § 2680(a). Other more discrete areas to which the FTCA does not apply include "transmission of letters," "claims or suits in admiralty," and "the imposition or establishment of a quarantine." Id. § 2680(b), (d), (f).

As the Fourth Circuit has explained, utilization of the FTCA rather than a Bivens action is a calculated risk:

>In pursuing an intentional tort claim against a federal
>law enforcement officer, a prospective plaintiff may

>pursue two alternative avenues of relief. She may either pursue a constitutional claim against the officer directly under the Constitution, as recognized in Bivens, or she may file a tort claim under the FTCA. Should a plaintiff pursue the latter course, she runs the risk that her constitutional claim will be subject to the FTCA's "judgment bar" provision . . . .

Unus v. Kane, 565 F.3d 103, 122 (4th Cir. 2009). The FTCA's "judgment bar" states as follows:

>The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

28 U.S.C. § 2676. Therefore, when judgment is entered on FTCA claims, the plaintiff is barred from bringing Bivens claims "arising out of the same actions, transactions, or occurrences." Unus, 565 F.3d at 122 (quoting Estate of Trentadue ex rel. Aguilar v. United States, 397 F.3d 840, 858 (10th Cir. 2005)).

The judgment bar is not triggered, however, by every FTCA dismissal. Courts consistently hold that the judgment bar does not apply when claims in an FTCA case are dismissed because they could not be pursued under the FTCA in the first place. See, e.g., Simmons v. Himmelreich, 136 S.Ct. 1843, 1850 (2016) ("The judgment bar provision . . . does not apply to the categories of claims in the 'Exceptions' sections of the FTCA."); Will v. Hollack, 387 F. 3d 147, 155 (2d Cir. 2004) ("[F]or the judgment bar to apply, the

9

action must be a proper one for consideration under the [FTCA]."); Donahue v. Connolly, 890 F. Supp. 2d 173 (D. Mass. 2012) (holding that, "because the statute of limitations is an absolute jurisdictional bar, the dismissal of the FTCA action does not bar the Bivens claims brought contemporaneously").

## IV. DISCUSSION

In their motion to dismiss, the defendants contend that, because "the Court dismissed Plaintiff's claims against the United States that relate to Defendants Mullen, Riffle, Brown, and Brady, for failure to state a claim," the FTCA judgment bar precludes Berryman's remaining Bivens claims against them (Dkt. No. 70 at 3, 6). The Court, however, concludes that this argument is untenable because it misinterprets both the Court's ruling on Berryman's FTCA claims, as well as the applicable law.

First, the Court did not dismiss Berryman's related FTCA case for failure to state a claim. In his Report and Recommendation ("R&R"), the Honorable James E. Seibert, United States Magistrate Judge, recommended dismissal of Berryman's failure-to-protect claims as follows:

> [T]he Plaintiff has not alleged that the Defendant's BOP employees were negligent. Instead, he implicitly asserts that the Defendant's acts . . . were willful and knowing violations of his constitutional rights. None of these claims state any cause of action with respect to any

10

> negligent acts on the part of the Defendant or its employees. Thus, these tort claims fail and must be dismissed. See <u>FDIC v. Meyer</u>, 114 S.Ct. 996 (1994) (constitutional torts are not cognizable under the FTCA).

(Civil No. 1:16cv63, Dkt. No. 59 at 13-14). Magistrate Judge Seibert reasoned that Berryman had failed to state a claim for negligence, but context makes clear that he recommended dismissal because Berryman's claims were constitutional torts that were not cognizable under the FTCA. See <u>id.</u>

Indeed, when the Court adopted the R&R and dismissed Berryman's FTCA case, it observed:

> Magistrate Judge Seibert concluded that, because Berryman's first and second claims focus on the intentional deprivation of his Fifth and Eighth Amendment rights, they fail to state a cause of action for negligence against the United States or its employees. Such constitutional violations are not cognizable under the FTCA, but rather must be pursued in a civil rights action.

(Civil No. 1:16cv63, Dkt. No. 66 at 3)(internal citation omitted). Although use of the phrase "failure to state a claim" was imprecise under the circumstances, the Court plainly dismissed Berryman's failure-to-protect claims because they sounded as Eighth Amendment claims, and the FTCA does not confer jurisdiction over such claims against the United States. See <u>Meyer</u>, 510 U.S. at 477.

Second, the Supreme Court's recent decision in <u>Simmons v. Himmelreich</u> underscores that the Court's dismissal of Berryman's

11

FTCA claims under FDIC v. Meyer does not preclude his remaining Bivens claims. In Simmons, the plaintiff filed lawsuits under both the FTCA and Bivens, alleging facts remarkably similar to those at issue in Berryman's case:

> In each [case], Himmelreich alleged that he had been severely beaten by a fellow inmate in federal prison and that the beating was the result of prison officials' negligence. At the time of the beating, Himmelreich was incarcerated for producing child pornography. His assailant had warned prison officials that he would "'smash'" a pedophile if given the opportunity but was nonetheless released into the general prison population, where he assaulted Himmelreich.

136 S. Ct. at 1845-46. The district court dismissed the plaintiff's FTCA case, finding that the decision regarding where to house inmates fell within the discretionary-function exception. Id. at 1846. The individual defendants in the plaintiff's Bivens action then moved for dismissal pursuant to the judgment bar. Id.

The Supreme Court concluded that the judgment bar does not apply to suits that are dismissed because they fall within an exception to the FTCA. Id. at 1845-46. The judgment bar applies only to a "judgment in an action under section 1346(b)," and discretionary functions are expressly excluded from consideration under § 1346(b). Id. at 1847-48. Not only does this result follow from the plain text of the statute, but the Court reasoned that it comports with the purpose of the judgment bar:

12

> Ordinarily, the judgment bar provision prevents unnecessarily duplicative litigation. . . .
>
> Where an FTCA claim is dismissed because it falls within one of the "Exceptions," . . . the judgment bar provision makes much less sense. The dismissal of a claim in the "Exceptions" section signals merely that the United States cannot be held liable for a particular claim; it has no logical bearing on whether an employee can be held liable instead. To apply the judgment bar so as to foreclose a future suit against an employee thus would be passing strange.

Id. at 1849-50.

There is no principled basis upon which to distinguish Berryman's present predicament from the facts in Simmons. As discussed, the Court dismissed Berryman's relevant FTCA claims pursuant to FDIC v. Meyer, which held that constitutional tort claims are not cognizable under § 1346(b) because they are not based in "the law of the place where the act or omission occurred." 510 U.S. at 477-78. Berryman's FTCA claims never fell "under § 1346(b)," and the judgment bar applies only to judgments "under § 1346(b)." See Simmons, 136 S. Ct. at 1847-48. Therefore, the judgment bar simply cannot operate to preclude Berryman's related Bivens claims.[4]

---

[4] The defendants argue that this case is different because the failure-to-protect claims in Berryman's FTCA case were dismissed with prejudice (Dkt. No. 77 at 3-4), but the Court's ruling in the FTCA case was erroneous in this regard. Given that the Court dismissed those claims on jurisdictional grounds, the dismissal

**BERRYMAN V. MULLEN, ET AL.**                                    **1:16CV47**

**MEMORANDUM OPINION AND ORDER DENYING THE**
**DEFENDANTS' MOTION TO DISMISS [DKT. NO. 69]**

### IV. CONCLUSION

For the reasons discussed the Court **DENIES** the defendants' Motion to Dismiss (Dkt. No. 69). Further, it **RECOMMITS** this case to Magistrate Judge Aloi, who is **DIRECTED** to enter a scheduling order on discovery and dispositive motions. Pursuant to 28 U.S.C. § 636, he is authorized to consider the record and enter rulings or recommendations as appropriate.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail and return receipt requested.

DATED: March 9, 2018.

>                    /s/ Irene M. Keeley
>                    IRENE M. KEELEY
>                    UNITED STATES DISTRICT JUDGE

---

should have been without prejudice. S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").