IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL BERRYMAN,**

       **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:16CV47**
                                                       **(Judge Keeley)**

**OFFICER CHRISTOPHER MULLEN;
LT. JERALD RIFFLE; OFFICER BRAD
BROWN; and OFFICER JOHN BRADY,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

      The plaintiff, Michael Berryman ("Berryman"), has pursued two lawsuits in this Court, one pursuant to the Federal Tort Claims Act ("FTCA") and another pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Both arise out of the same facts and circumstances. The Court has previously dismissed Berryman's FTCA case. Pending is the motion for summary judgment on Berryman's <u>Bivens</u> claim filed by the remaining defendants, Officer Christopher Mullen, Lt. Jerald Riffle, Officer Brad Brown, and Officer John Brady (collectively, "the Defendants") (Dkt. No. 155). Magistrate Judge Aloi issued a Report and Recommendation ("R&R"), recommending that the Court grant the Defendants' motion (Dkt. No. 169). For the reasons that follow, the Court **REJECTS** the R&R (Dkt. No. 169), and **DENIES** the defendants' motion for summary judgment (Dkt. No. 155).

**BERRYMAN V. MULLEN, ET AL.** 1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

**I. BACKGROUND[1]**

As it must, the Court recites the facts in the light most favorable to the non-moving party. See Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc) (observing that inmate was entitled to "have the credibility of his evidence as forecast assumed, his version of all that is in dispute accepted, [and] all internal conflicts in it resolved favorably to him" (citation omitted)), cert. denied, 498 U.S. 1109 (1991).

**A.  Berryman's Bivens Claim**

In early May 2014, Berryman was placed in the Special Housing Unit ("SHU") at United States Penitentiary, Hazelton ("USP Hazelton"), with "inmate Von Axelson" ("Von Axelson") (Dkt. No. 1 at 11). On May 6 and 7, 2014, Von Axelson threatened Berryman with rape, serious injury, and death if Berryman could not be relocated to another cell. Id. at 11-12. Von Axelson's threats reached their height on the evening of May 7th, when he received word that his father had passed away. Id. at 12. Despite Berryman's repeated pleas to Officer Brown, Officer Brady, Officer Mullen, and other

---

[1] The R&R contains a more thorough recitation of the relevant facts, as well as the procedural history of the case.

**BERRYMAN V. MULLEN, ET AL.** 1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

unknown officers, he was not moved to a different cell. Id. at 12-14.

During the early morning hours of May 8, 2014, Berryman was awakened when Von Axelson began stomping on him. Although able to activate an emergency call button, Berryman was quickly knocked unconscious by his assailant. He regained consciousness sometime during the assault, but as he attempted to protect himself, he was quickly knocked unconscious again. Id. at 14.

After Berryman regained consciousness the second time, Officer Mullen, who by then had arrived on the scene, helped him to his feet and took him to an observation cell where Berryman was left with paper clothing and bedding.[2] Berryman was awakened later that morning by Physician's Assistant Christopher Meyer, who noted his superficial injuries but left without conducting a full examination Id. at 14-15. As a result of the incident, Berryman claims to have sustained the following injuries:

> I have 4 protruding disk [sic] in lower lumbar, severe stenosis in L lumbar, thecal sac encroachments in lower lumbar, sliped [sic] disk in L lumbar, stenosis in cervical spine C3-C7, disk herniation present moderately encroaching upon the thecal sac at the C03/04 level[,]

---

[2] Berryman alleges that he was placed in paper clothing the previous day due to Von Axelson's belligerent behavior after learning of his father's death (Dkt. No. 1 at 12-13).

**BERRYMAN V. MULLEN, ET AL.**                                    1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

> thecal sac encroachment and Y hard disks/osteophyt[e] complex thecal sac encroaching C6/seven, evidence of remote rib fractures and rib deformity lower left ribs.

Id. at 17.

**B.   The Defendants' Motion**

On September 21, 2018, the Defendants filed a motion for summary judgment on Berryman's Bivens claim, alleging that the Defendants failed to protect him from serious bodily injury in violation of his Eighth Amendment rights (Dkt. Nos. 155, 156). In support, the Defendants contend that they are entitled to summary judgment because (1) the fight with Von Axelson did not cause Berryman serious or significant injury, and (2) the Defendants did not actually know that Von Axelson presented a risk to Berryman's safety before the May 8, 2014 fight (Dkt. No. 156 at 20-25). They submit that Berryman cannot satisfy the first element because he ostensibly refused medical treatment after the altercation with Von Axelson, and there is no objective medical evidence that confirms Berryman's subjective complaints of pain. Id. at 23-24.

The Defendants further contend that Berryman cannot satisfy the second element because there is no evidence that he reported his fear of or threats from Von Axelson, and the Defendants executed declarations denying that they had ever heard it or received

4

**BERRYMAN V. MULLEN, ET AL.**                                    **1:16CV47**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

reports about these threats or fears. Had they, the Defendants would have followed standard procedure by reporting them to the relevant authorities and separating Berryman and Von Axelson until the Special Investigative Services team could conduct an investigation and determine whether the threats were credible. Id. at 23. According to the Defendants, they are entitled to qualified immunity because Berryman cannot satisfy either element of his failure-to-protect claim. Id. at 24-25.

**C.   Berryman's Response**

Berryman mailed his response opposing the Defendants' motion for summary judgment on October 22, 2018 (Dkt No. 163-1). He contends that there is a genuine dispute of material fact as to the first element because he did not refuse medical treatment after the altercation with Von Axelson. Id. at 11. Rather, he directed medical staff not to poke him "like doctors do." Id. He further contends that, after the altercation, a nurse saw that his ribs were "sunk in" and yellow, black, and blue, and they are "sunk in" to this day. Id. at 20.

Berryman also contends that there is a genuine dispute of material fact as to the second element because, despite the Defendants' sworn declarations, he did inform the Defendants of his

5

**BERRYMAN V. MULLEN, ET AL.**                             1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

fear of Von Axelson and asked to be moved to another cell. Id. at 8-9. These claims are supported by his own sworn declarations (Dkt. Nos. 163-12, 163-13, 163-14, 163-15).

**D.  Report and Recommendation**

On December 11, 2018, Magistrate Judge Aloi recommended that the Court grant the Defendants' motion for summary judgment (Dkt. No. 169), reasoning that, although the parties submitted conflicting affidavits, Berryman's "affidavits are comprised of conclusory allegations or lack support in the record." Id. at 15. In fact, after reviewing the record, he further concluded that Berryman is not "credible" because his "claims are constantly changing and have no support . . . ." Id. at 39.

## II. STANDARD OF REVIEW

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). On the other hand, "the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold those portions of a recommendation to which no objection has been made

6

**BERRYMAN V. MULLEN, ET AL.** 1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

### III. APPLICABLE LAW

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When ruling on a motion for summary judgment, the Court reviews all the evidence in the light most favorable to the nonmoving party. Miller, 913 F.2d at 1087. The Court must avoid weighing the evidence or determining its truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted).

7

**BERRYMAN V. MULLEN, ET AL.** 1:16CV47

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### IV. DISCUSSION

Berryman's complaint alleges that the Defendants failed to protect him from serious bodily injury in violation of his constitutional rights when they did not respond to his repeated concerns that Von Axelson threatened him, making him fear for his life (Dkt. No. 1).

Under the Eighth Amendment, "'prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833 (1994) (quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). To succeed on a failure-to-protect claim, plaintiffs must satisfy two elements. "First, the prisoner must establish he suffered a serious deprivation of his rights in the form of a serious or significant physical or emotional injury." Nelson v.

**BERRYMAN V. MULLEN, ET AL.                                    1:16CV47**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

Henthorn, 677 Fed. App'x 823, 826 (4th Cir. 2017) (quotations omitted). "Second, the plaintiff must show that the prison official had a sufficiently culpable state of mind, specifically a deliberate indifference to inmate health or safety." Id. (quotations omitted).

A prison official "is deliberately indifferent to a substantial risk of harm to a [prisoner] when that [official] 'knows of and disregards' the risk." Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (quoting Farmer, 511 U.S. at 837). "A prison official is not liable if he or she 'knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.'" Strickland v. Halsey, 638 Fed. App'x 179, 185 (4th Cir. 2015) (quoting Farmer, 511 U.S. at 844).

"A plaintiff can establish a prison official's subjective actual knowledge by direct evidence that the official was actually aware of the substantial risk of injury or through circumstantial evidence that permits the inference that the risk of injury was 'so obvious' that the prison official 'did know of it because he could not have failed to know of it.'" Nelson, 677 Fed. App'x at 826 (quoting Cleveland, 372 F.3d at 302). In other words, "the official

**BERRYMAN V. MULLEN, ET AL.**                                    **1:16CV47**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

The R&R reasoned that courts may, in certain circumstances, make credibility determinations based on competing affidavits when, for example, "an affidavit contains unsupported, conclusory statements . . . ." (Dkt. No. 169 at 38 (quoting United States v. Perez, 393 F.3d 457, 464 (4th Cir. 2004)). But Perez did not involve conflicting sworn declarations that require a credibility determination at summary judgment. Rather, it involved whether an allegedly "bare bones" affidavit provided probable cause for a search warrant. See generally Perez, 393 F.3d 457.

The Fourth Circuit has long instructed that "summary judgment should not be made on the basis of conflicting affidavits." Pronin v. Johnson, 628 Fed. App'x 160, 161 (4th Cir. 2015); Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979) (explaining summary judgment "may not be invoked where . . . the affidavits present conflicting versions of the facts which require credibility determinations"). Indeed, "[i]t is not [the Court's] job to weigh the evidence, to count how many affidavits favor the plaintiff and how many oppose him, or to disregard stories that seem hard to

10

**BERRYMAN V. MULLEN, ET AL.**                                      **1:16CV47**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

believe." Gray v. Spillman, 925 F.2d 90, 95 (4th Cir. 1991) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)). "Those tasks are for the jury. Under Liberty Lobby, a court should consider only whether there is a genuine issue for trial." Id. (citing same).

Although Berryman has not filed objections to the R&R, it would be plain error to grant the Defendants' motion for summary judgment because the parties have submitted conflicting affidavits that create genuine issues of material fact and require credibility determinations (Dkt. Nos. 156-2 at 1-3, 156-3 at 1-4, 156-4 at 1-19, 156-5 at 1-5, 156-6 at 1-3, 156-7 at 1-2, 156-8 at 1-3, 156-9 at 1-3, 163-12, 163-13 at 1-2, 163-14 at 1-2, 163-15 at 1-2). Because these credibility determinations are the province of the jury, not the Court, the Defendants are not entitled to summary judgment. Gray, 925 F.2d at 95.

### V. CONCLUSION

For these reasons, the Court **REJECTS** the Report and Recommendation (Dkt. No. 169), and **DENIES** the Defendants' Motion for Summary Judgment (Dkt. No. 155).

It is so **ORDERED**.

**BERRYMAN V. MULLEN, ET AL.**                                          **1:16CV47**

**MEMORANDUM OPINION AND ORDER REJECTING THE REPORT
AND RECOMMENDATION [DKT. NO. 169] AND DENYING THE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DKT. NO. 155]**

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record by electronic means and to the pro se plaintiff by certified mail, return receipt requested.

DATED: January 23, 2019.

                                             /s/ Irene M. Keeley
                                             IRENE M. KEELEY
                                             UNITED STATES DISTRICT JUDGE